# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ZHANGA E. PEABODY**, | Case No. 3:25-cv-594-AR |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| **THERMO FISCHER SCIENTIFIC INC.**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Plaintiff Zhanga Peabody is an engineer who was formerly employed by Defendant Thermo Fischer Scientific Inc. ("Thermo"). Peabody, representing himself (that is, proceeding *pro se*), sues Thermo, alleging that he suffered several instances of race- and age-based discrimination and then was fired for whistleblower activities. Peabody brings four claims: (1) retaliation for reporting safety violations under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e and Oregon Revised Statute ("ORS") § 659A.199; (2) race and national origin discrimination under Title VII and ORS § 659A.030, on the basis of disparate treatment; (3) age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(2); and (4) wrongful termination. Pending before the Court is Thermo's motion to dismiss, ECF 12. United States Magistrate Judge Jeff Armistead issued Findings and Recommendation in this case on March 12, 2026. Judge Armistead recommended that this Court grant the motion.[1] No party has filed objections.

---

[1] Judge Armistead recommended that the Court dismiss all claims but grant the motion only in part. ECF 23 at 19. The Court agrees that Claims Two and Three are not time-barred (*see*

PAGE 1 – ORDER

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record." No party having made objections, the Court follows the recommendation of the Advisory Committee and reviews Judge Armistead's Findings and Recommendation for clear error on the face of the record. No such error is apparent.

The Court ADOPTS Judge Armistead's Findings and Recommendation, ECF 23. The Court GRANTS the motion to dismiss. ECF 12. Defendant did not move to dismiss the portion

---

*id.* at 9-12). Because the Court nonetheless dismisses all claims, however, it adopts Judge Armistead's recommendation and describes the disposition of the motion as being "granted."

PAGE 2 – ORDER

of Claim 1 that relates to ORS § 659A.199. That state law claim may proceed. The portion of

Claim 1, however, which relates to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, and

Claim 4 are DISMISSED without leave to amend. Leave to amend is inappropriate for the

Title VII aspect of Claim 1 because reporting safety violations is not a protected activity within

the meaning of Title VII. *See* ECF 23 at 8-9 (explaining same). Thus, repleading the claim would

be futile. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996). Moreover, Claim 2

preserves Peabody's arguments with respect to any race-based or age-based discrimination

violative of Title VII. Similarly, leave to amend is inappropriate for Claim 4 because Thermo has

not moved to dismiss Peabody's retaliation claim under ORS § 659A.199. Thus, Peabody's

available statutory remedy for retaliation precludes his common law wrongful termination claim

under Oregon law. *See Wolff v. Tomahawk Mfg.*, 689 F. Supp. 3d 923, 951-52 (D. Or. 2023)

(citing *Walker v. State ex rel. Or. Travel Info. Council*, 367 Or. 761, 779 (2021)). Claims 2 and 3

are DISMISSED with leave to amend because nothing in the Complaint suggests that those

claims are futile.

      **IT IS SO ORDERED.**

      DATED this 7th day of April, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER